FILED

MAR 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARK FRANCES CHRISTENSEN, | No. 11-35213 |
| Petitioner - Appellant, | D.C. No. 6:08-cv-01471-AA |
| v. | |
| JOHN KROGER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted March 5, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER and BYBEE, Circuit Judges.

Mark Francis Christensen filed a petition for habeas corpus under 28 U.S.C.

§ 2254 in Oregon state court, challenging his Oregon coercion and harassment

convictions. The district court denied the petition on the merits. Because we

conclude that § 2254 does not provide a remedy in this case, we affirm without

reaching the merits.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A court has jurisdiction to entertain a petition for habeas corpus only when the petitioner is "in custody."  28 U.S.C. § 2254; *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).  If a petitioner is no longer in custody on the challenged conviction, but the expired conviction was a basis for a sentence he is currently serving, the court may have jurisdiction if the habeas petition is ambiguous as to which offense is being challenged.  *See id*. at 493-94.  Christensen completed his Oregon sentences before filing his petition, and the convictions therefore had expired.  He contends that although the convictions are no longer subject to attack in their own right, he nonetheless satisfies the "in custody" requirement because the allegedly unconstitutional Oregon convictions were a basis for an Idaho state sentence he was serving at the time he filed the petition.

Even were we to agree and hold that jurisdiction exists, no remedy is available because:

> once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted).  Although two limited exceptions to this rule may exist, neither applies

2

here. *See id.* at 404 (an exception exists if the "prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment"); *see also id.* at 405-06 (plurality opinion) (an exception exists if "a habeas petition directed at the enhanced sentence [is] effectively . . . the first and only forum available for review of the prior conviction," for example, the state court, "without justification, refuse[d] to rule on a constitutional claim . . . properly presented to it," or "after the time for direct or collateral review . . . expired, a defendant . . . obtain[ed] compelling evidence that he is actually innocent").

Accordingly, we conclude that even if jurisdiction exists, § 2254 provides no remedy here. We therefore do not reach the procedural default or sufficiency of the evidence questions.

**AFFIRMED.**